[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff has brought this product liability action against the defendants Laboratoire Biosthetique Limited and Beth Lipton alleging that she suffered contact dermatitis after having her hair shampooed by defendant Lipton with a certain shampoo known as Lipokerine which was manufactured by defendant Laboratoire Biosthetique Limited. CT Page 4515
Lipton has filed a cross claim against Laboratoire Biosthetique Limited which alleges in pertinent part:
 3. If the product was defective, as claimed by the plaintiff, the defect is the responsibility of the co-defendant Laboratoire Biosthet and not the defendant Beth Lipton.
 4. Laboratoire Biosthet had control of the manufacture and make-up of the product, and labeling of the product bottle to the exclusion of the defendant Lipton.
 5. Lipton was not negligent, had no means of knowing of any liability on the part of Biosthet and relied on Biosthet's product not to be defective.
 6. Any culpability on the part of Biosthet was primary and active.
Laboratoire Biosthetique Limited has moved to strike the cross claim on the grounds that it does not state a cause of action in indemnification and the product liability statutes do not allow claims for indemnification. Laboratoire Biosthetique relies on the case of Kyrtatas v. Stop Shop Inc., 205 Conn. 694, 535 A.2d 357 (1988) in which the Court held that the product liability act has abrogated common law indemnification principles so as to bar the crossclaim for indemnification by one defendant against another defendant. In Kyrtatas the plaintiff brought an action against Stop 
Shop, the product seller, and two other defendants who manufactured portions of the product. The jury returned a verdict assigning 49 percent responsibility to Stop Shop, 49 percent responsibility to the manufacturer of the contents of an aerosol can which exploded and injured the plaintiff and no responsibility to the manufacturer of the can. The Court stated "the legislature by mandating the employment of comparative responsibility principles and by allowing contribution in the context of product liability suits has CT Page 4516 demonstrated its intent to abrogate the doctrine of common law indemnification in that area." 205 Conn. at 701.
The defendant Lipton relies on the case of Malerba v. Cessna Aircraft Co., 210 Conn. 189, 554 A.2d 287 (1989) in which the Court held that common law indemnification continues as a viable cause of action in the context of product liability claims and that comparative responsibility principles that serve as its foundation do not bar a later determination of liability as between an indemnitee and an indemnitor. 210 Conn. at 198 and 199. The Court in Malerba pointed out that its holding in Kyrtatas was specifically limited to its factual circumstances. 210 Conn. at 198. The Court further stated that:
 "The reason that the indemnity claim is not finally determined by the first party judgment lies in the fact that indemnification implicates different factual and legal considerations which may be outside of the matters determined in the first party plaintiff's claim under the product liability act. General Statutes 52-572o(c) provides: `In determining the percentage of responsiblity, the trier of fact shall consider, on a comparative basis, both the nature and quality of the conduct of the party." An indemnitee, however, must prove "that the negligence with which it had been found chargeable was passive or secondary, while the indemnitor had been negligent and in a manner which was active and primary.' Kaplan v. Merberg Wrecking Corporation, supra, 415."
Thus, Malerba allows a cross claim for indemnification in the context of a product liability action.
Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405,207 A.2d 732 (1965) provides that a joint tortfeasor can recover indemnity from a co-defendant only by establishing four separate elements: 1) that the other tortfeasor was negligent; 2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; 3) that he was in control of the situation to the exclusion of the plaintiff; 4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be CT Page 4517 negligent. 152 Conn. at 416.
The crossclaim in this case does not allege elements one or two required by the court in Kaplan v. Merberg Wrecking Corporation, supra. Therefore, the crossclaim fails to state a cause of action for indemnification. This cross claim is ordered stricken.
By The Court Aurigemma, J.