[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR ARTICULATION
The plaintiff, Jane Doe, filed a one-count amended revised complaint (complaint) naming the Branford Manor Associates, Limited Partnership (Branford) and the Bay Management Corporation (Bay) as defendants. In her complaint, the plaintiff alleges that Branford was the owner of an apartment complex located in Groton, Connecticut, and that Bay managed the aforementioned property. The plaintiff alleges that she was raped while she was babysitting for the child of a tenant in the complex. The plaintiff further alleges that the rapist was able to enter the tenant's apartment in which she was babysitting due to the carelessness, recklessness and negligence of the defendants in that, inter alia, they failed to provide adequate security.
The defendants filed an answer to the plaintiff's complaint on June 26, 1992, and the defendants filed a motion to cite in Michelle Horan, the lessee of the apartment in which the plaintiff was attacked, as a defendant. On May 10, 1993, the court, Hendel, J., granted the motion to cite in Horan as a defendant and ordered the plaintiff to serve upon Horan an amended complaint and add a count against Michelle Horan.
On May 24, 1993, the plaintiff filed a motion to reargue her objection to the defendants' motion to cite in Horan as a party-defendant. Simultaneously, the plaintiff filed a motion to vacate the court's order of May 10, 1993, directing her to amend her complaint and summon Michelle Horan to appear CT Page 9836 as a defendant. In her motion to vacate, the plaintiff asserts that she does not believe and cannot conscientiously assert a basis for liability on the part of Horan. On June 8, 1993, the court, Teller, J., ruled that the May 10, 1993 order entered to cite in Horan as a defendant was to remain in effect, but the May 10, 1993 order directing the plaintiff to amend her complaint was vacated.
On June 29, 1993, the defendants filed a motion for articulation of the court's June 8, 1993 order seeking further articulation by the court as to the proper means to summon Horan's presence into court as a defendant and placing the factual allegations regarding her negligence before the court.
The trial courts in Connecticut are sharply split over the proper procedure for adding parties to an action for the purpose of apportioning liability. In Lombardi v. Johnstone,4 CSCR 386 (April 17, 1989, Healy, State Trial Referee), the court denied without prejudice the defendants' motion to cite in an additional party defendant, although recognizing that "[w]hat is now Connecticut General Statutes 52-572h abolishes the common law rule of no contribution between joint tortfeasors and provides for allocation of fault among them and apportioning any award of damages consistent with their degree of fault." State Trial Referee Healy agreed with the plaintiffs that they should not be required to amend their complaint to include an additional defendant who the plaintiff did not believe had acted negligently because in doing so the plaintiffs could expose themselves to the possibility of an action for vexatious litigation. Id. The court therefore held that the defendants should move for permission to file a third-party complaint against the non-defendant tortfeasor seeking contribution. Id. See also Derienzo v. Portal, 6 CTLR 548 (June 22, 1992, McDonald, J.); Mattera v. Marsico, 5 CSCR 682 (August 20, 1990, Ryan, J.); Knapik v. Hanson, 6 CTLR 392 (May 20, 1992, Cofield, J.) under General Statutes 52-572h(g) a party is entitled to contribution after judgment; but see Downs v. Torres,4 Conn. L. Rptr. 487 (August 29, 1991, Hennessey, J.) (a claim for contribution pursuant to General Statutes 52-582h may not be made by way of a third-party complaint against a non-party joint tortfeasor; the proper procedure for having a jury apportion liability to the, third-party defendant is to have the third-party plaintiff cite in the third-party defendant pursuant to General Statutes 52-102). CT Page 9837
In Howard v. Capellan, 2 CTLR 68 (July 12, 1990, Maloney, J.), Judge Maloney granted a defendant's motion to cite in a non-defendant tortfeasor pursuant to General Statutes 102. The plaintiff, citing Lombardi v. Johnstone, supra, argued that he should not be required to sue the non-defendant and expose himself to the possibility of a vexatious suit, but that the defendant should be required to bring in the non-defendant by filing a third-party complaint pursuant to 52-102a. The court addressed the plaintiff's arguments as follows:
 These contentions cannot be sustained. Sections 52-102 and 52-572h establish a statutory scheme to allow a defendant to have a person named as a co-defendant, even over the objection of the plaintiff. See Royster, Joint and Severable Liability and Collateral Sources under the 1987 Tort Reform Act. Conn. Law Journal, vol. 62, No. 5, 257, 265-66 (Oct. 1988). In the instant case, the fact that Fahey [the non-defendant] is named in the complaint as the person operating the other vehicle in the collision is sufficient basis for defendant Cappellan to raise the issue for Fahey's possible liability. Furthermore, Fahey could not realistically bring an action against plaintiff Howard for vexatious suit inasmuch as Fahey will be a defendant only at the instigation of defendant Capellan and over the objection of Howard. Finally, the impleader statute, C.G.S. 52-102a, is not appropriate in this context. That statute allows a defendant to implead a third person "who is or may be liable to (the defendant) for all or part of the plaintiff's claim against the defendant." Here, the defendant moves to bring in Fahey on the basis that Fahey is or may be liable to the plaintiff, not to the defendant. The impleader statute is, therefore, not applicable.
Howard v. Capellan, supra, 69. See also Knapik v. Hanson, 6 CTLR 392 (May 20, 1992, Cofield, J.); Blanchett v. Pennington, 6 CTLR 358 (April 15, 1992, Austin, J.); Snipes v. Fisher, 4 CTLR 416 (July 31, 1991, Wagner, J.); Deveau v. Buccheri, 4 CTLR 355 CT Page 9838 (July 3, 1991, Hennessey, J.); Young v. Vanconant, 4 CSCR 314
(March 3, 1989, Kulawiz, J.).
Section 52-102 states that "upon motion made by any party . . . the person named in the party's motion . . . (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question therein. . . ." (Emphasis added.)
In Tedesco v. Whittelaw, 9 Conn. L. Rptr. 149 (May 26, 1993, Lager, J.), the court granted the defendant's motion to cite in a potentially liable person as a defendant for apportionment purposes. The court held that General Statutes52-102 allows a defendant to cite in a party-defendant for apportionment purposes because the provisions of General Statutes 52-572h(c) make a potentially liable party a necessary party to the action. The court stated that the proper way for a defendant to bring another defendant into a suit for apportionment purposes is for the defendant to: (1) present allegations of the proposed defendants' negligence in the motion to cite in; (2) serve a copy of the court's order on the party to be added by writ of summons; and (3) amend its answer to include a special defense alleging apportionment of damages. Id. When a defendant is brought into a suit in this manner, the court states further, the plaintiff is not required to file a complaint against the proposed defendant. The court explained further that as it is the defendant who asserts a special defense seeking apportionment, the defendant assumes the burden of proving the newly-added defendant's negligence. Id.
This court is persuaded that the appropriate method for a defendant to cite in an additional defendant for apportionment purposes is that outlined in Tedesco v. Whittelaw, supra.
Therefore, the defendants may serve a copy of the court's order granting the motion to cite in as a party-defendant, the plaintiff's complaint and the defendants' answer and special defenses thereto, and a writ of summons on Horan in a manner consistent with this articulation. CT Page 9839