[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MINWAX'S MOTION TO STRIKE AMENDED CROSSCOMPLAINT OF UNITED BUILDERS SUPPLY
By a second revised complaint filed on March 31, 1993, the plaintiff, United Services Automobile Association, brought a subrogation action against the defendants, Minwax Company, Inc. ("Minwax"), Denwat Corporation, and United Builders Supply Company, Inc. ("United") for payments made under the plaintiff's insurance policy, Policy No. 1-809-1582100/93A, to the plaintiff's insured. The plaintiff's insured submitted a claim under said policy in the amount of $431,786.76 for property damage caused by a December 21, 1990, fire. The plaintiff, having made payment on its insured's claim, alleges that the losses suffered by the plaintiff's insured were caused by the defendant's actions in violation of General Statutes § 52-572m et seq.
On January 19, 1994, defendant United filed an amended cross complaint against defendant Minwax. United alleges that the plaintiff's damages were caused by the actions of Minwax.
Count one contains the following allegations: Minwax's actions were the "direct and immediate cause of the alleged incident and the resulting injuries", Minwax "was in control of the situation described herein", United "had no reason to know of Minwax's aforesaid acts, had no reason to anticipate said acts and reasonably relied on Minwax", and Minwax "is or may be liable for all or part of any claims or judgments of the plaintiffs rendered against United." United accordingly seeks indemnification from Minwax under count one.
Count two contains the following allegation: "[i]f the plaintiff sustained damage as alleged in his complaint, [Minwax], under Section 52-572O of the Connecticut General Statutes, should pay their proportionate share of any award of damages to to [sic] the plaintiff consistent with their degree of fault." United accordingly seeks contribution from Minwax under count two.
On February 1, 1994, Minwax filed the instant motion to strike United's amended cross complaint on the ground that a CT Page 6024 cross complaint seeking indemnification or contribution is not proper in a product liability action where all potential defendants are parties to a suit. Minwax therefore argues that United's cross complaint is legally insufficient.
On February 14, 1994, United filed a memorandum of law in opposition to Minwax's motion to strike. On March 14, 1994, Minwax filed a supplemental memorandum of law in support of its motion to strike.
The function of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). A motion to strike is the proper procedure to contest the legal sufficiency of the allegations contained in a cross complaint. Practice Book § 152(1). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). "The motion to strike, like the demurrer, admits all facts well pleaded." Ferryman v. Groton, supra, 142.
Upon deciding a motion to strike, the trial court must construe the "[party's cross] complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v.People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991). "[I]f the facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail." (Citations omitted; internal quotation marks omitted.) Ferryman v. Groton, supra, 142.
Minwax, citing Kyrtatas v. Stop Shop, Inc., 205 Conn. 694,535 A.2d 357 (1988), argues that United's cross complaint is legally insufficient on the ground that a cross complaint seeking indemnification and contribution, in an underlying product liability action, is not permitted where all potential defendants are parties to the action. Minwax argues that because Minwax and United are named defendants in the plaintiffs' action, the procedural posture of the present action is identical to Kyrtatas v. Stop Shop, Inc., supra, and this court is therefore bound by the holding of Kyrtatasv. Stop Shop, Inc., supra.
United argues that because several third party defendants have been impleaded, all parties in the present action were not parties to the original suit. United accordingly argues CT Page 6025 that the holding of Kyrtatas v. Stop Shop, Inc., supra, is inapplicable to the factual circumstances of the present action.
Indemnification
"`[I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest. . . .'" (Emphasis omitted.) Malerba v. Cessna Aircraft Co.,210 Conn. 189, 194, 554 A.2d 287 (1989); quoting Kaplan v. MerbergWrecking Corporation, 152 Conn. 405, 412, 207 A.2d 732 (1965). The Connecticut Supreme Court has held that "the product liability act has abrogated common law indemnification principles . . . in situations in which all potential defendants are parties to the suit." Kyrtatas v. Stop Shop,Inc., supra, 702 n. 2. One year later, the court held thatKyrtatas v. Stop Shop, Inc., supra, was limited to its "factual circumstances." Malerba v. Cessna Aircraft Co., supra, 198 n. 9 ("common law indemnification continues as a viable cause of action in the context of product liability claims").
"Lower courts have held that Kyrtatas rather than Malerba controls when the defendants are original parties to the action. . . ." Miller v. Northeast Utilities, 8 CSCR 509, 510
(April 20, 1993, Hurley, J.), citing Buda v. Valley Dinner,Inc., 8 Conn. L. Rptr. 258 (January 20, 1993, Flynn, J.);United States Fidelity v. McDonnell Leasing Corporation,6 Conn. L. Rptr. 495 (June 1, 1992, Rush, J.) (Kyrtatas v. StopShop, supra, is controlling for cross complaint seeking indemnification between original defendants); see Hoboken WoodFlooring Corporation v. Torrington Supply Company, Inc.,5 Conn. L. Rptr. 219 (November 19, 1991, Blue, J.) (Kyrtatas v.Stop Shop, supra, continues as controlling authority in a product liability action where a cross complaint is filed against an original co-defendant); Hall v. Sarstedt,2 Conn. L. Rptr. 425, 426 (September 14, 1990, Flynn, J.) (Malerba v.Cessna Aircraft Co., supra, does not control a claim for indemnification and contribution involving co-defendants initially named by the plaintiffs); Malinowski v. FriedrichAir Conditioning Co., 2 Conn. L. Rptr. 228, 230 (August 16, 1990, Hickey, J.); but see Brenner v. LaboratoireBoisthetigue, 8 CSCR 603 (May 3, 1993, Aurigemma, J.) (Malerba v. Cessna Aircraft Co., supra, allows a cross complaint "for indemnification in the context of a product liability CT Page 6026 action.") Because this court is bound by the holding ofKyrtatas v. Stop Shop, supra, it is held that United cannot seek indemnification from Minwax under the pleadings in this case.
Contribution
"`[C]ontribution involves a claim for reimbursement of a share of a payment necessarily made by the claimant which equitably should have been paid in part by others.'" (Emphasis omitted.) Malerba v. Cessna Aircraft Co., supra, 194-95; quoting Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405,412, 207 A.2d 732 (1965). Because United and Minwax are original co-defendants to the plaintiffs' product liability action, any right of contribution from Minwax to United must be in accordance with General Statutes § 52-572o (e); seeMalerba v. Cessna Aircraft Co., supra, 195 (General Statutes § 52-572o (e) establishes preconditions required for an independent cause of action for contribution); Hall v.Sarstedt, supra, 426; Malinowski v. Friedrich Air ConditioningCo., supra, 229.
 If a judgment has been rendered, any action for contribution must be brought within one year after the judgment becomes final. If no judgment has been rendered, the person bringing the action for contribution either must have (1) discharged by payment the common liability within the period of the statute of limitations applicable to the right of action of the claimant against him and commenced the action for contribution within one year after payment, or (2) agreed while action was pending to discharge the common liability and, within one year after the agreement, have paid the liability and brought an action for contribution.
General Statutes § 52-572o (e). United seeks contribution from Minwax based on the allegation that Minwax, under General Statutes § 52-572o, should pay their proportionate share of any award of damages to the plaintiff consistent with their degree of fault.
United has not alleged facts in connection with a judgment having been rendered. United has neither alleged that it discharged by payment the common liability to the CT Page 6027 plaintiff nor agreed to discharge the common liability.
Therefore, United has failed to plead a legally sufficient claim for contribution as prescribed by General Statutes § 52-572o (e).
Construing United's claim in a manner most favorable to sustaining its legal sufficiency, United's cross complaint is legally insufficient. Therefore, Minwax's motion to strike United's amended cross complaint is granted.