[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: THIRD PARTY DEFENDANT'S MOTION TOSTRIKE (No. 117)
CT Page 8259
This action involves the third-party defendant's motion to strike the third-party plaintiff's claim for apportionment, set forth in the third-party plaintiffs' complaint.
 I
The plaintiff, Joseph Ogden, filed a two-count complaint against the defendants and third party plaintiffs. TLI, Incorporated (TLI) and James George (George) for damages sustained in a motor vehicle collision between the plaintiff and defendant George. The plaintiff alleges the following facts.
On January 8, 1992, the plaintiff, while operating his motor vehicle on Interstate 395 in Griswold, Connecticut, was struck by a tractor trailer operated by George during the course of George's employment for defendant TLI. George caused the plaintiff "to lose control and crash at a high rate of speed into the face of a rock mountain through which the highway was constructed."
On October 18, 1993, this court granted the defendants' motion to add Starfleet Transport Corporation (Starfleet) as a "party defendant and/or implead [Starfleet as a] third party defendant". On October 27, 1993, the defendants filed a three count "third party complaint and/or crossclaim" in which TLI alleges the following facts.
At the time of said accident, George "was operating said tractor trailer as the agent, servant and employee of [Starfleet] . . . ." George "was operating [said trailer] . . . in accord with the terms of [an agreement between Starfleet and TLI]." Under said agreement, Starfleet agreed to defend and indemnify TLI for liability in connection with the operation of vehicles owned by Starfleet but driven by TLI and its drivers. Starfleet also agreed to maintain insurance on each vehicle operated by a TLI driver. Starfleet, however, declined TLI's demand to defend and indemnify TLI for said accident.
Count one contains a claim for indemnity arising from Starfleet's breach of its contractual obligations to TLI. Count two contains allegations of negligence for owner liability arising from Starfleet's violations of General Statutes § 52-183
and § 14-154a. Count three contains a claim for apportionment CT Page 8260 under General Statutes § 52-572h et seq.
On February 15, 1994, Starfleet filed a motion to strike count three of the third-party complaint on the following grounds: (1) apportionment of liability is improper in a contract action; (2) count three is procedurally improper; and (3) the defendants have failed to allege facts sufficient to support a common law indemnification action. Memoranda of law were filed.
 II
The function of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138,142 (1989). The motion to strike admits all facts well pleaded. Id. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170 (1988).
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank,219 Conn. 465, 471 (1991). "[I]f the facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail." (Citations omitted; internal quotation marks omitted.) Ferryman v. Groton, supra, 142.
 III
Starfleet argues that a claim for apportionment of liability under General Statutes § 52-572h(c) must contain allegations of negligence against the third-party defendant. Starfleet argues that because count three is based upon a contract claim, "devoid of any allegations of negligence on the part of Starfleet," said count is legally insufficient. The defendants argue that count three alleges negligence under a theory of vicarious liability, and as such, is a proper claim for apportionment of liability.
"In a negligence action to recover damages resulting from personal injury, . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable . . . damages . . . ." General Statutes § 52-572h(c). "General Statutes § 52-572h specifically applies to negligence CT Page 8261 actions." Belanger v. Village Pub I, Inc., 26 Conn. App. 509, 513
(1992).
Count three of the third-party complaint contains the following allegations. George "was operating said tractor trailer as the agent, servant and employee of [Starfleet] pursuant to a written agreement between [TLI] and [Starfleet]." Starfleet agreed to "hire drivers from [TLI] to operate vehicles owned or leased by Starfleet." "On January 8, 1992, [George] was operating a tractor trailer owned and/or leased by [Starfleet] in accord with the terms of said written agreement." TLI further alleges that if George is found liable to the plaintiff, "[a]s owner of said motor vehicle, [Starfleet] is liable for any and all alleged damages by [defendant George] pursuant to [General Statutes §§] 52-183[1] and 14-154a[2] . . . ." Consequently, TLI seeks "an assessment of full liability against [Starfleet] for its fair and proportionate share of said liability and damages, in accordance with [General Statutes § 52-572h et seq.]"
It is evident that count three of the third-party complaint contains sufficiently-pleaded allegations of negligence under General Statutes § 14-154a. Therefore, Starfleet's argument to strike count three of the third-party complaint on this ground fails.
 IV
Starfleet next argues that count three of the defendants' third-party complaint is legally insufficient on the ground that a third-party complaint cannot be used to add a party to an action for purposes of apportionment of liability. Starfleet further argues that said count is improper because the allegations contained therein attempt to hold Starfleet liable to them rather than the plaintiff.
This court has recognized that "[t]he trial courts in Connecticut are sharply split over the proper procedure for adding parties to an action for the purpose of apportioning liability." Doe v. Bay Management Corporation, 8 CSCR 1250
(November 9, 1993, Teller, J.). The procedure by which a party may cite in a person to an action is as follows: "[u]pon motion made by any party . . . the person named in the party's motion . . . shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein . . . ." General Statutes § 52-102. A CT Page 8262 defendant may implead a third person that is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant. General Statutes § 52-102a(a).
In the present case, this court has already permitted the defendants to "add/or implead" Starfleet as a third-party defendant. This ruling was based upon the defendants' assertion that Starfleet "is or may be liable for all or part of the [plaintiff's] claims against the Defendants herein, and thus Starfleet is a necessary party to this litigation . . . ." The defendants additionally asserted that Starfleet "is a necessary party so that a full assessment of proportionate liability can be determined . . . ."
Count three of the third-party complaint contains allegations that, inter alia, Starfleet violated General Statutes § 14-154a. Under this statute, Starfleet may be liable for damages to the plaintiff caused by the operation of a motor vehicle that is rented or leased to another but owned by Starfleet. See General Statutes § 14-154a. The impleader statute, General Statutes § 52-102a, is appropriate where the defendant seeks to bring another person into the action on the basis that such other person may be liable to the defendant rather than to the plaintiff. Doe v. BayManagement Corporation, supra, 1250-51, citing Howard v.Capellan, 2 Conn. L. Rptr. 68, 69 (July 12, 1990, Maloney, J.). However, because the defendants sought to add Starfleet on the basis that Starfleet may be liable to the plaintiff under General Statutes § 14-154a, the court concludes that the defendants sought to cite in Starfleet for apportionment of liability rather than to implead Starfleet.
This court has previously held that General Statutes § 52-102
is the appropriate method by which to cite in an additional defendant for apportionment of liability. See Doe v. BayManagement Corporation, supra, 1251, citing Tedesco v.Whittlelaw, 9 Conn. L. Rptr. 149 (May 26, 1993, Lager, J.). Although the defendants' motion to add Starfleet was brought pursuant to General Statutes § 52-102a, "[t]he fact that [a motion] was brought pursuant to the wrong Practice Book section should not serve as a basis for a Motion to Strike the [third] count of the [third-party] complaint." Bank of South Windsor v. Harlow,Adams Friedman, 8 CSCR 534, 535 (April 22, 1993, Aurigemma, J.). This is so because "the rules of practice are designed to facilitate business and advance justice and are to be interpreted liberally . . . ." Id., citing Practice Book § 6. Therefore, CT Page 8263 Starfleet's argument to strike count three of the third-party complaint on this ground fails.
 V
Starfleet finally argues that count three of the third-party complaint is legally insufficient to state a claim for apportionment because the defendants have failed to allege acts of negligence on its part.
Under General Statutes § 52-572h(c), apportionment of liability is available "if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable . . . damages . . . ."
The third count of the third-party complaint is entitled "THIRD COUNT (Tort II Apportionment)." The defendants allege that if the plaintiff's injuries were caused by the defendants, then the defendants "seek an assessment of full liability against [Starfleet] for its fair and proportionate share of said liability and damages, in accordance with [General Statutes § 52-572h, et seq.] (Connecticut Tort Reform II)."
Count three of the third-party complaint contains allegations of negligence on the part of George, which if proven, imposes vicarious liability on Starfleet as the owner or lessor of the vehicle. This raises a claim of negligence on the part of Starfleet sufficient to allow apportionment and this claim of Starfleet also is unpersuasive.
 VI
The third count of the third-party complaint is legally sufficient. Starfleet's motion to strike count three of the third-party complaint is denied.
Teller, J.