[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On July 9, 1991, Veronica McKeon ("McKeon"), an employee of Sheraton Hartford Hotel ("Sheraton"), was riding in an elevator in the Sheraton when it allegedly "jumped twice," causing her to fall to the floor and suffer injuries. Sheraton paid McKeon compensation benefits for these injuries. On June 29, 1993, pursuant to General Statutes § 31-293, the plaintiff, Sheraton, filed a one-count complaint against the defendant, Schindler Elevator Corporation ("Schindler"), which maintained the elevator in which McKeon was injured. On August 26, 1993, McKeon filed a motion to intervene, which was granted by the CT Page 4717 court, Langenbach, J., on September 27, 1993.
On September 20, 1994, pursuant to General Statutes §52-102, Schindler filed a motion for permission to cite in Elevator Equipment Company, Inc. ("EEC") and Imo Industries, Inc. ("IMO") on the ground that "the plaintiffs' damages may have been caused, in whole or in part, by the negligence and carelessness of EEC and IMO. EEC manufactured the valve that is located within the pump that controlled the subject elevator. IMO manufactured the pump of said elevator. Accordingly, a defective and/or improperly manufactured elevator pump and/or valve, could have caused the elevator to jump" causing McKeon's injuries. . . . Consequently, EEC and IMO are potentially liable to the plaintiffs and are necessary parties for a complete determination of the liability issues and for proper apportionment of liability." (Citations omitted.) (Schindler's Memorandum of Law in Support of Motion to Cite in Party Defendant, p. 2).
On October 5, 1994, Sheraton filed an objection to Schindler's motion to cite in EEC and IMO on the ground that the plaintiffs should not have to bear the burden of service of process on these prospective defendants. On November 10, 1994, the court, Allen, J., overruled this objection. In accordance with the court's November, 1994 ruling, on April 25, 1995, the court, Sheldon, J., granted Schindler's motion to cite in EEC and IMO, ordering that Sheraton and McKeon amend their complaints to include EEC and IMO and properly serve a copy of the order, a copy of the complaint, and a writ of summons on EEC and IMO. On June 2, 1995, Sheraton filed an amended three-count complaint directing Count One at Schindler, Count Two at EEC, and Count Three at IMO.
On June 7, 1995, IMO filed a motion for summary judgment with respect to Count Three of Sheraton's Amended Complaint. IMO moved for summary judgment on the ground that Sheraton's action against IMO, brought pursuant to the Connecticut Product Liability Act, General Statutes §§ 52-572m through 52-572q, is barred by the three-year statute of limitations provided in General Statutes § 52-577a. On the same date, IMO filed a memorandum in support of its motion for summary judgment. On June 22, 1995, Schindler filed a memorandum in opposition to IMO's motion for summary judgment on the ground that the plaintiff's claim for apportionment, brought pursuant to General Statutes §§ 52-102
and 52-572h(c), is not barred by the three-year statute of limitations provided in General Statutes § 52-577a. On June CT Page 4718 26, 1995, the court, Allen, J., granted IMO's motion for summary judgment.
On July 26, 1995, Schindler filed a motion for reargument, reconsideration and/or articulation of the court's granting of IMO's motion for summary judgment. On the same date, Schindler filed a memorandum in support of its motion for reargument and reconsideration arguing that it is permissible to allow a defendant to be joined for the purpose of apportioning fault even though the statute of limitations has expired with respect to that particular defendant. On August 23, 1995, IMO filed an objection to Schindler's motion for reargument and reconsideration. On September 7, 1995, after reconsideration, the court, Allen, J., denied IMO's motion for summary judgment stating that IMO may be made a party for apportionment purposes only.[1]
On September 20, 1995, Schindler filed a cross-claim against IMO and EEC claiming indemnification for any damages assessed against it on the ground that if McKeon's injuries are found to have resulted from negligence, that negligence was IMO's and/or EEC's, not Schindler's.
On February 9, 1996, EEC filed a motion to strike Schindler's cross-claim on the ground that because EEC is a party to Sheraton's action, Schindler may not bring an indemnification action against EEC. Accordingly, EEC concludes that Schindler's cross-claim is legally insufficient. Alternatively, EEC argues that the court, Allen, J.'s, September, 1995 ruling made EEC a party to the action for apportionment purposes only, and, therefore, Schindler's cross-claim must fail. On the same date, EEC filed a memorandum in support of its motion to strike. On March 4, 1996, Schindler filed an objection to EEC's motion to strike on the ground that Schindler's common law indemnification claims are not precluded and, therefore, Schindler's cross-claim against EEC is legally sufficient. On the same date, Schindler filed a memorandum in support of its objection to EEC's motion to strike.
The purpose of a motion to strike "is to test the legal sufficiency of a pleading." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). Specifically, [a] motion to strike tests the legal sufficiency of a . . . cross-claim."Vahey v. Dodson, 3 Conn. L. Rptr. 73, 73 (December 31, 1990, Nigro, J.). See also Practice Book § 152. CT Page 4719
The motion to strike "admits all facts well pleaded." RKConstructors, Inc. v. Fusco Corp., supra, 231 Conn. 383 n. 2. The motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Yale Universityv. Wurtzel, 3 Conn. L. Rptr. 520, 521 (April 9, 1991, Mihalakos, J.). See also Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985); Wachtel v. Rosol, 159 Conn. 496, 500, 271 A.2d 84
(1970). Therefore, the court "cannot look beyond the complaint for facts not alleged." Robert S. Weiss Associates, Inc. v.Wiederlight, 208 Conn. 525, 537, 546 A.2d 216 (1988). See alsoRowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988).
EEC's motion to strike is based on the court's ruling on IMO's motion for summary judgment, which in turn was based on Schindler's motion to cite in EEC and IMO for the purpose of apportioning liability for damages. Accordingly, towards resolution of EEC's motion to strike, this court will first discuss IMO's motion for summary judgment within the context of Schindler's motion to cite in IMO as a party defendant. Subsequently, this court will address the issues actually raised by EEC's motion to strike.
General Statutes § 52-577a provides the applicable statute of limitations for Sheraton's product liability action. General Statutes § 52-577a(a) provides in relevant part that "[n]o product liability claim defined in section 52-572m
shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered . . ." As McKeon was injured on July 9, 1991, any product liability claims must have been brought by Sheraton before July 9, 1994. However, Schindler did not move to cite in EEC until September 20, 1994, more than three years after the date of McKeon's injuries. Therefore, initially, it appears that the statute of limitations provided in General Statutes §52-577a would bar Schindler's motion to cite in EEC as a party defendant.
Schindler moved to cite in EEC for the purpose of apportioning liability for damages pursuant to General Statutes § 52-572h(c), which provides in relevant part that "[i]n a negligence action to recover damages resulting from personal injury . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party CT Page 4720 against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages . . ." "A request for apportionment of liability by the defendant is not a claim asserting monetary damages against the proposed defendants, but merely seeks to apportion the defendant's share of responsibility with the other potentially responsible parties." Stowe v. McHugh,
Superior Court, judicial district of Waterbury, Docket No. 0117721 January 18, 1995, West, J.).
"The Connecticut Supreme and Appellate Courts have not addressed the issue of whether a motion to cite [in] is the proper procedure to bring nonparty tortfeasors into a negligence action for purposes of apportionment of damages under General Statutes § 52-572h(c)." Chase v. New Milford Hospital,
Superior Court, judicial district of Litchfield at Litchfield, Docket No. 65431 (June 6, 1995, Pickett, J.). Moreover, "[t]he trial courts in Connecticut are sharply split over the proper procedure for adding parties to an action for the purpose of apportioning liability [for damages.]" Doe v. Bay ManagementCorporation, Superior Court, judicial district of New London at New London, Docket No. 521274 (November 9, 1993, Teller, J.,8 CSCR 1250, 1250). Specifically, the trial courts are split over whether General Statutes § 52-102 or General Statutes §52-102a should be utilized to add a party for apportionment purposes. Id. The distinction between these statutes is that General Statutes § 52-102[2], pursuant to a motion to cite in, requires the plaintiff to amend the complaint to add the party as a defendant while General Statutes § 52-102a[3], pursuant to a motion to implead, transforms the defendant into a third-party plaintiff who is responsible for serving a writ, summons, and complaint on the third-party defendant.[4]
Some trial courts troubled by the procedure utilized in General Statutes § 52-102 have held that General Statutes § 52-102a may be used to add a party for the purpose of apportioning liability for damages. Doe v. Bay Management Corp.,
supra, 8 CSCR 1250. See also Donner v. Kearse, 234 Conn. 660,673, 662 A.2d 1269 (1995). Nevertheless, General Statutes §52-102 is generally recognized as the appropriate method for adding a party for apportionment purposes. Bank of S. Windsor v.Harlow, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 0384674 (April 22, 1993, Aurigemma, J.). Therefore, Schindler correctly filed its motion to cite in IMO pursuant to General Statutes § 52-102 and the court, Sheldon, CT Page 4721 J., appropriately ordered Sheraton and McKeon to amend their complaints to include IMO as a party defendant.
In the present case, Sheraton and McKeon amended their complaints to include EEC and IMO in 1995, after the three-year period permitted by General Statutes § 52-577a. IMO addressed this conflict by bringing a motion for summary judgment on the ground that Sheraton's action against IMO was barred by the statute of limitations for product liability actions provided in General Statutes § 52-577a. "There is a split of authority in the Superior Court as to whether to grant a motion to cite in a party defendant for apportionment purposes only, when the statute of limitations has run against that party." Douglas v. Dawson,
Superior Court, judicial district of New Haven at New Haven, Docket No. 0338748 (June 16, 1995, Hartmere, J.). "`Most of the decisions, however, hold that it is proper for time barred persons to be made party defendants so that the legislative intent of § 52-572h that a defendant should only be responsible for his portion of the damages can be carried out.'"Suchecki v. Belmonte, Superior Court, judicial district of Tolland at Rockville, Docket No. 0046328 (May 18, 1994, Hammer, J.). Therefore, it is permissible for "a defendant to be joined in an action for purposes of apportionment even through recovery against the defendant is barred by the statute of limitations."Summit Bank v. Nadler, PhiloPena Associates, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 0142088 (October 18, 1995, Karazin, J.).
Based on the foregoing, when the court, Allen, J., in September, 1995, limited its denial of IMO's motion for summary judgment for the purpose of apportionment only, the court recognized that EEC and IMO could not be pursued by Schindler on a product liability claim because the statute of limitations had run. However, the court's ruling did not determine the potential viability of Schindler's cross-claim against EEC and IMO, as well as the court's jurisdiction over EEC and IMO in such an action.
A. Is Schindler's cross-claim against EEC, seeking indemnification, barred by the three-year statute of limitations provided in General Statutes § 52-577a.
In 1993, No. 93-370 of the 1993 Public Acts was passed. Enacted as General Statutes § 52-598a, this provision states that "[n]otwithstanding any provision of this chapter, an action for indemnification may be brought within three years from the CT Page 4722 date of the determination of the action against the party which is seeking indemnification by either judgment or settlement." Prior to Public Act 93-370, the statute of limitations applied to an indemnification action "depend[ed] upon the nature of the underlying action that gives rise to the indemnity claim. (i.e. tort three years; contract six years." Kapetan Inc. v. STOIndustries, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 0101815 (December 2, 1992, Sylvester, J., 8 CSCR 54, 54). At that time, as argued by EEC, Schindler's cross-claim would have been governed by the three-year statute of limitations provided in General Statutes § 52-577a. Moreover, because McKeon was injured on July 7, 1991 and Schindler did not file its cross-claim until September 20, 1995, Schindler's cross-claim would have been barred by the statute of limitations provided in General Statutes § 52-577a. Nevertheless, because Sheraton's action against Schindler has not yet been resolved, applying the statute of limitations provided in General Statutes § 52-577a to Schindler's indemnification action against EEC, would bar Schindler from asserting an indemnification claim before such a claim accrued. A similar situation was presented in Protter v. Brown Thompson Co., 25 Conn. App. 360, 593 A.2d 524, cert. granted, 220 Conn. 910,597 A.2d 335 (1991), to which the legislature responded with General Statutes § 52-598a. Therefore, "[t]he recently enacted statute of limitations applicable to indemnification suits, General Statutes 52-598a, extends the time period for which a party may bring an action for indemnification, notwithstanding the time frame embodied in 52-577a." Sivilla v.Phillips Medical Systems North America, Inc., Superior Court, judicial district of Waterbury, Docket No. 098910 (October 3, 1995, Flynn, J.). Moreover, although not necessary for the application of General Statutes § 52-598a in the present case because Schindler's cross-claim for indemnification was filed on September 20, 1995, subsequent to the enactment of General Statutes § 52-598a, Connecticut courts have determined that "General Statutes § 52-598a applies retroactively to pending cases . . . because this statute is a procedural device which sets out when and how an already existing substantive right may be exercised." Id.
Applying General Statutes § 52-598a to the present case, because the underlying action, Sheraton's action against Schindler, has not yet been determined, the statute of limitations has not begun to run. Therefore, the applicable statute of limitations, provided in General Statutes § CT Page 472352-598a, does not bar Schindler's cross-claim against EEC. Accordingly, EEC's motion to strike on the ground that the statute of limitations bars Schindler's claim is denied.
B. May Schindler bring a cross-claim against EEC, added as defendant to Sheraton's action for the purpose of apportioning liability for damages.
In support of its motion to strike, on the ground that Schindler may not file a cross-claim against EEC because EEC is already a party to the action, EEC relies on Krytatas v. Stop Shop, Inc., 205 Conn. 694, 698, 535 A.2d 357 (1988). In Krytatasv. Stop Shop, Inc., id., the Supreme Court of Connecticut noted that "[a] plaintiff in an action for indemnification not based on statute or express contract, who had been a co-defendant in a prior action with a joint tortfeasor, can recover indemnity from that co-defendant only by establishing four separate elements: (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent."
Nevertheless, the Court went on to "conclude that the common law doctrine of indemnification is inconsistent with provisions of the product liability act concerning comparative responsibility, award of damages, and contribution under General Statutes Sec. 52-572o.[5] Id., 699. The Court found that "[t]hese three subsections [General Statutes § 52-572o(b), (c), (d)] cannot be reconciled with the common law doctrine of indemnification. Comparative responsibility is inconsistent with indemnification because the former allows a jury to assign liability in specific proportion among several defendants on the basis of evidence presented while the latter doctrine arose in response to the common law prohibition against contribution, and applies only in situations in which a passive joint tortfeasor has no actual responsibility for a tort." Id., 700.
The Court also found that "[i]ndemnification is also irreconcilable with the product liability act because the legislature in subsection (e) of Sec. 52-572o[6] has abolished the common law prohibition against contribution in the context of these suits. Id. The Court concluded that "[t]he legislature, by CT Page 4724 mandating the employment of comparative responsibility principles and by allowing contribution in the context of product liability suits, has demonstrated its intent to abrogate the doctrine of common law indemnification in that area." Id., 701. The Court held "that the product liability act has abrogated common law indemnification principles in this area." Id., 702. Nevertheless, the Court stated that "[t]hese principles, however, may still be viable in other contexts." Id.
In a subsequent case, Malerba v. Cessna Aircraft Co.,210 Conn. 189, 196-97, 554 A.2d 287 (1989), the Connecticut Supreme Court addressed the question of "whether as a matter of law, an indemnification action may ever be pursued against the background of a statutory comparative liability action where the trier of the first party claim against the various defendants is required to apportion liability among the plaintiff and all the defendants. In other words, does a finding that one defendant is 70 percent liable to the original plaintiff and another defendant 30 percent liable preclude any further finding that one of the defendants may be liable to the other defendant for all or a portion of the sums he or she was required to pay to the plaintiff?"
The Court found that "a judgment in favor of the plaintiff is not an action against two or more defendants, is not res judicata or conclusive of the rights and liabilities of the defendants inter se in a subsequent action between them, unless those rights and liabilities were expressly put in issue in the first action, by cross complaint or other adversary pleadings, and determined by the judgment in the first action." (Internal quotation marks omitted.) Id., 197-98. The Court explained that "[t]he reason that the indemnity claim is not finally determined by the first party judgment lies in the fact that indemnification implicates different factual and legal considerations which may be outside of the matters determined in the first party plaintiff's claim under the product liability act." Id., 198. "Thus, a finding that a given defendant was liable to the plaintiff does not necessarily determine whether that responsibility was based on a passive negligence which might, therefore, entitle that defendant to a full reimbursement from other defendants based upon indemnification principles." Id. Accordingly, the Court "conclude[d] that common law indemnification continues as a viable cause of action in the context of product liability claims and that the comparative responsibility principles that serve as its foundation do not bar a later determination of liability as CT Page 4725 between an indemnitee and an indemnitor." Id., 198-99.
Superior courts interpreting these cases have held that"`Krytatas rather than Malerba controls when the defendants are original parties to the action. . . .'" United Service Auto Ass'nv. Minwax, Inc., Superior Court, judicial district of New London at New London, Docket No. 525278 (June 7, 1994, Leuba, J.,9 CSCR 656). Nevertheless, "[a]lthough indemnity is unavailable in a products liability action where all the defendants are parties to the original action, an indemnity claim is permitted between a defendant/third-party plaintiff and a third-party defendant where the co-defendant was not originally named by the plaintiff." Barrv. Harbor Park Associates, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 126722 (November 22, 1995, Lewis, J.).
In the present case, EEC was not an original party to the action. Rather, EEC was added, pursuant to General Statutes §52-102, for the purpose of apportioning liability for damages. Because EEC was not an original party to the action, Malerba v.Cessna Aircraft Co., supra, 210 Conn. 189, controls in the present case. Therefore, Schindler may file a cross-claim against EEC seeking indemnification. Accordingly, on the ground that a party to the action may not bring a cross-claim for indemnification against an original co-defendant, EEC's motion to strike Schindler's cross-claim is denied.
Hennessey, J.