[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The named plaintiffs, Norman Terry and Frances Terry (Terry), brought this action sounding in products liability to recover money damages arising out of a fire at the residence of the plaintiffs in New Milford, CT Page 8028 Connecticut. The defendants are Palace Aids, Inc. (Palace) and Bruce Cable (Cable).
In response to plaintiff's amended complaint, Palace filed a cross claim against Cable in two counts stating in the first count sounding in indemnity and the second count sounding in contribution. It is the cross claim that is the subject of this motion to strike.
The first count of the cross claim contains the following allegations: Cable's actions were the "direct and immediate cause of the fire and any losses to the plaintiffs . . ."; Cable "was in control of the situation causing the plaintiffs' injury. . . ."; Palace "did not know of the misconduct of Bruce Cable, had no reason to anticipate said misconduct and could reasonably rely upon Mr. Cable . . ."; and "Cable is liable to indemnify Palace Aids against the plaintiffs' claim. . .". (Cross claim of 01/13/00, Count One Paragraphs 7, 8, 9, 10.) Palace accordingly seeks indemnification from Cable under the first count.
The second count contains the following allegation: "[t]he co-defendant may be liable to respond to this Defendant in damages pursuant to the terms of Connecticut General Statutes § 52-572o. (Cross claim of 01/13/00, Count Two Paragraph 7.) Palace accordingly seeks contribution from Cable under the second count.
STANDARD FOR MOTION TO STRIKE
"The function of a motion to strike is to test the legal sufficiency of a pleading." Dodd v. Middlesex Mutual Assurance Company, 242 Conn. 375,378 (1997). A motion to strike is the proper procedure to contest the legal sufficiency of the allegations contained in a cross claim. Practice Book § 10-39. "In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]. Faulkner v. United Technologies,Corp., 240 Conn. 576, 580 (1997). "A motion to strike admits all facts well pleaded." Parsons v. United Technologies Corp., 243 Conn. 66, 68
(1997).
Upon deciding a motion to strike, the trial court must construe the "[party's cross claim] in [a] manner most favorable to sustaining its legal sufficiency." Gazo v. City of Stamford, 255 Conn. 245, 260 (2001). "[I]f facts provable in [the cross claim] would support a cause of action, the motion to strike must be denied." Id.
THE INDEMNIFICATION COUNT
"`[I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest. . . .' (Emphasis omitted.) CT Page 8029Malerba v. Cessna Aircraft Co., 210 Conn. 189, 194 (1989), quoting Kaplanv. Merberg Wrecking Corporation, 152 Conn. 405, 412 (1965). The Connecticut Supreme Court has held that `the product liability act has abrogated common law indemnification principles . . . in situations in which all potential defendants are parties to the suit.' Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 702 (1988). One year later, the court held that Kyrtatas v. Stop Shop, Inc., supra, was limited to its `factual circumstances.' Malerba v. Cessna Aircraft Co., supra, 198 (`common law indemnification continues as a viable cause of action in the context of product liability claims')." Courtney v. Minwax Company, Inc., Superior Court, judicial district of New London at New London, Docket No. 524999 (June 7, 1994, Leuba, J.).
"`Lower courts have held that Kyrtatas rather than Malerba controls when the defendants are original parties to the action. . . .' Miller v.Northeast Utilities, 8 CSCR 509, 510 (April 20, 1993, Hurley, J.), citingBuda v. Valley Diner, Inc., 8 Conn.L.Rptr. 258 (January 20, 1993, Flynn, J.); United States Fidelity v. McDonnell Leasing Corporation,6 Conn.L.Rptr. 495 (June 1, 1992, Rush, J.) (Kyrtatas v. Stop Shop, supra, is controlling for cross complaint seeking indemnification between original defendants); see Hoboken Wood Flooring Corporation v. TorringtonSupply Company, Inc., 5 Conn.L.Rptr. 219 (November 19, 1991, Blue, J.) (Kyrtatas v. Stop Shop, supra, continues as controlling authority in a product liability action where a cross complaint is filed against an original co-defendant); Hall v. Sarstedt, 2 Conn.L.Rptr. 425, 426 (September 14, 1990, Flynn, J.) (Malerba v. Cessna Aircraft Co., supra, does not control a claim for indemnification and contribution involving co-defendants initially named by the plaintiffs); Malinowski v. FriedrichAir Conditioning Co., 2 Conn.L.Rptr. 228, 230 (August 16, 1990,Hickey, J.); but see Brenner v. Laboratoire Boisthetigue, 8 CSCR 603 (May 3, 1993, Aurigemma, J.) (Malerba v. Cessna Aircraft Co., supra, allows a cross complaint `for indemnification in the context of a product liability action.')" Id. Because this court is bound by the holding ofKyrtatas v. Stop Shop, supra, it is held that Palace cannot seek indemnification from Cable, an original party to this action. Therefore the motion to strike count one of the cross claim is granted.
THE CONTRIBUTION CLAIM
Cable argues that in addition to the general rule that there is no common law right of contribution between joint tortfeasors, Palace has failed to set out the statutory requirements for a claim of contribution pursuant to § 52-572o(e) of the General Statutes, in that no judgment has entered against Palace nor has Palace otherwise pleaded that it has paid any settlement of the claims of the plaintiff. CT Page 8030
In opposing the motion to strike, Palace argues: (1) that the common law rule prohibiting contribution between joint tortfeasors has been abrogated by the Products Liability Act; and (2) § 52-572o(e) of the General Statutes is inapplicable to the case at bar. Palace argues that the Supreme Court in Malerba, supra, has stated that the preconditions of General Statutes § 52-572o(e) only apply when a party chooses to pursue its claim for contribution in an independent lawsuit rather than to include it in the same judicial proceeding. Section 52-572o(e) "requires that an action for contribution be brought within one year after a judgment against the party seeking contribution becomes final or if no judgment has been rendered that the person bringing the action for contribution must by payment discharge the common liability and bring suit within one year of that payment. In Malerba the court addressed the issue of the apparent inconsistency between that section of the statutes and 52-102a(a), the general impleader statute, and 52-577a(b), the Products Liability Impleader statute, by stating "we harmonize the apparent inconsistency between the three statutes by concluding that the preconditions of 52-572o(e) apply only to those circumstances where a party elects to pursue an independent cause of action for contribution rather than impleading the prospectively liable third party as authorized by 52-102a and 52-577a(b). This construction of 52-572o(e) furthers the salutary purpose of encouraging parties to consolidate the litigation flowing from a given factual circumstance into a single judicial proceeding thereby avoiding multiplicity of the actions.' Under theMalerba reasoning, the existence of a judgment against a cross complainer or the necessity of having paid a payment to discharge the common liability is not required before the claim can be made in an action to which both defendants are already parties to the lawsuit." ITTSemiconductors v. Matheson Gas Products, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 029553 (April 18, 1992, Flynn, J.).
As to the second count of the cross complaint, Cable argues in the memorandum of law accompanying its motion to strike that the allegations regarding contribution are premature and do not state a cause of action, since 52-572o provides that a claim for contribution may only be made when certain preconditions are met. Palace argues in its opposing memorandum that the preconditions of the statute only apply to independent causes of action based on contribution.
"The preconditions for a contribution claim set out in 52-572o(e) of the Connecticut Product Liability Act `apply only to those circumstances where a party elects to pursue an independent cause of action for contribution rather than impleading the prospectively liable third party . . .' Malerba v. Cessna Aircraft Co., supra, 195." Miller v. NortheastUtilities, Superior Court, judicial district of New London at New CT Page 8031 London, Docket No. 520484 (April 21, 1993, Hurley, J.). Whether count two of the cross complaint survives Cable's motion to strike depends upon whether the cross claim is an independent cause of action. See id.
"Several Superior Courts have granted motions to strike cross-claims for contribution in product liability actions, viewing such claims as independent causes of action. See United States Fidelity v. McDonnellLeasing Corp., supra; Malinowski v. Friedrich Air Conditioning Co.,2 Conn.L.Rptr. 425 (September 14, 1990, Flynn, J.). Other courts, however, reached the opposite result, finding that under the reasoning inMalerba, satisfaction of the preconditions of 52-572 are not required to bring a contribution claim in an action where both defendants are already parties, in order to encourage parties to consolidate litigation flowing from a given circumstance. See I.T.T. Semiconductors v. Mathison GasProducts, 6 C.T.L.R. 276 (April 18, 1992, Flynn, J.). Allowing a complainant who is already a party to an existing action to assert a contribution claim is, a more sound approach. Miller v. NortheastUtilities, 8 C.S.C.R. 509 (April 21, 1993, Hurley, J.).
Although Palace's cross claim is a separate action, it is between two original parties to an existing action, so it is not an "independent action" within the reasoning of Malerba. Accordingly, Cable's motion to strike the second count of the cross complaint is hereby denied.
Cremins, J.