## GRIEVANCE COMMITTEE
*vs.*
## RUTH E. PAYNE

Superior Court        New Haven County        File No. 59919

MEMORANDUM FILED JANUARY 22, 1941.

*Joseph B. Morse,* of New Haven, for the Plaintiff.

*George A. Clark,* of Meriden, for the Defendant.

BALDWIN, J.   The petitioner—the grievance committee—has applied for a rule directing the respondent to appear and show cause why she should not be deemed in contempt of court and restrained from an alleged violation of the statute, section 1381e of the 1939 Supplement to the General Statutes, or be otherwise disciplined.

In the petition it is alleged that the respondent, "a person

who has not been admitted as an attorney under the statute law of this state, is now, and for a long time heretofore has been, practicing law in violation of" the statute referred to; that she "has been so engaged in the practice of law in the examination of titles to real estate and in the issuance of written opinions or certificates of title thereon, for a consideration or fee, has tendered the same as a legal opinion as to the validity of the title to real estate and as to the encumbrances upon the real estate referred to in said opinions, and does now hold herself out, and has for a long time heretofore held herself out as legally qualified to furnish such written opinions or certificates of title to real estate."

The respondent has denied all of the allegations of the petitioner's complaint except the allegation of her non-admission as an attorney, in a first defense in her answer. In a second defense, she has alleged that she is the town clerk of Meriden, and long has been; that for a fee she, upon request, has made examinations of land records and issued certificates of title setting forth facts appearing of record, but not expressing any opinion as to the validity of those things appearing of record or as to titles, in accordance with the practice of town clerks in the State in their respective municipalities. In a third defense the respondent has alleged that the larger proportion of such certificates as she has issued have been issued to banks and building and loan associations, she being the person approved by such banks and building and loan associations to issue such certificates in accordance with the provisions of section 1231e of the 1939 Supplement to the General Statutes. eral Statutes.

The petitioner now moves that the respondent make her second and third defenses more specific by setting forth a copy of the certificates used, and by setting forth the information relative to mortgages, mechanics' liens, attachments and judgment liens and other encumbrances appearing of record which appear in such certificates.

The statute under which this action is brought provides a penalty for its violation. It is therefore a penal statute. The matter which the petitioner seeks is purely evidential, and not necessary as a part of the pleadings.

"The power of a trial court, as affirmed in the Practice Act, to direct a fuller and more particular statement of the ground of a claim or defense contained in any pleading, is largely

discretionary, to be exercised with caution...." *Prince vs. Takash,* 75 Conn. 616, 619. *See, also, Markiavicus vs. Bunnell Transp. Co., Inc.,* 119 id. 310, 314; *Sachs vs. Feinn,* 121 id. 77, 81; *State vs. Murphy,* 124 id. 554, 561.

The motion is denied.