[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: THIRD PARTY DEFENDANTS' MOTION TO DISMISS CT Page 10410
In this case Walter and Gloria Lagosz brought suit against a truck driver, Fred Whitaker, Jr. for injuries suffered as a result of a motor vehicle accident. Goodyear Tire and Rubber Company and Retreading L. Inc. were sued on an agency theory.
Subsequent to the commencement of the suit Goodyear and Retreading were given permission to file a Third Party Complaint against Oliver Rubber Company and the Standard Products Company.
The third party complaint sought indemnification for any liability arising out of the motor vehicle accident and is based on the terms of an Asset Purchase Agreement between Goodyear and Oliver.
The third party complaint also sought damages, including attorney's fees and expenses, for Oliver's alleged breach of contract for refusing to defend the Lagosz action.
Oliver and Standard filed a motion to sever the third party claims which was granted shortly before the commencement of the underlying personal injury action. That action was tried and a defense verdict was rendered on November 10, 1993.
The third party defendants now file a motion to dismiss the third party complaint or what remains of it based on their reading of Practice Book 117 and Section 52-102a. It provides:
 A defendant in any civil action may move the court for permission as a third party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. (Emphasis added).
It is clear that the third party plaintiff's claim for damages including attorney's fees for failure to defend the suit represent a claim for damages in excess of or not contemplated by the underlying Lagosz suit.
Although, as counsel advancing this motion have noted, there are no appellate court decisions addressing this issue, the court CT Page 10411 does not need their assistance to read clear statutory or practice book language. Clearly, the third party complaint insofar as it makes a claim for damages for failure to defend against Oliver and Standard does not make a claim for damages contemplated in the claim for damages made in the underlying suit.
Several superior court decisions support the present position of Oliver and Standard. In Security Capital Management Inc. v. A. Nicholas Demonico, 1 Conn. L. Rptr. 735 the court noted that the language of Section 52-102a was taken almost verbatim from Rule 14(a) of the Federal Rules of Civil Procedure. The court went on to note that Rule 14 "is interpreted as permitting impleader of a party whose liability is contingent. `Liability is contingent where the third party will be liable to the defendant only if the defendant is found liable to the plaintiff.'" id. at p. 736. As Oliver and Standard correctly point out, that part of the third party plaintiffs' claim for indemnification of the plaintiffs' claim against them was properly brought but is now moot in light of the jury's verdict for the defendant Whitaker. The remaining third party claim for defense costs is not contingent on a finding of liability on the party of the third part plaintiffs so this remaining third party claim is improper (as it was when it was first brought).
State of Connecticut v. Stanley J. Kement et al., 12 CLT No. 7, p. 20 also held that Section 52-102a and Practice Book 117 limit claims under a third party complaint to those against persons who are or maybe liable to the third party plaintiff for all or part of the plaintiffs' claims against the third party plaintiff. The court noted that there is a Federal Rule 18(a) which allows a federal court, when faced with a third party complaint asking for damages in excess of those sought in the underlying complaint, to allow such claims to be pleaded against the third party defendant in a situation where Rule 14(a) standing alone would not permit this. We have no analogous rule so based on an analysis of PB 117 the motion to dismiss should be granted.
Interestingly, the third party plaintiff, Goodyear, really does not address the previous analysis but claims that Goodyear moved to serve the third party complaint not by Practice Book 117 and 52-102a of the General Statutes but on the basis of 52-102 of the general statutes and Practice Book 85. CT Page 10412
Section 52-102 in relevant part reads as follows:
 Upon motion made by any party . . . to a civil action, the person named in the party's motion . . . (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein . . . . (Emphasis added).
The request for leave to file the third party complaint confusingly was made "pursuant to 117 of the Connecticut Practice Book and 52-102 of the Connecticut General Statutes." Suffice it to say that whether this complaint was filed under Practice Book 117 and 52-102a or Practice Book 85 and 52-102 of the general statutes, the motion to dismiss should be granted.
Under Practice Book 85 and 52-102 when an action is brought there can be joinder of a new party if it is necessary for a complete determination of "any question involved therein." This language means "any question involved" in the claim made in the original underlying suit brought by Walter and Gloria Lagosz. Clearly, any claim for defense costs by the third party plaintiffs have nothing to do with the underlying Lagosz suit and are not "involved" in that suit. The facts and circumstances on which the third party complaint is based — the indemnification agreement — and the facts that would have to be proved to establish Goodyear's claim for costs of defense have nothing to do with the facts and circumstances involved in the Lagosz complaint.
In order for joinder robe permitted under 52-102 the claims must arise out of the same transaction and share a common issue of fact which is central to resolving each claim on its merits. Fairfield Lumber Supply v. Herman, 139 Conn. 141 (1952), also see Veits v. Hartford, 134 Conn. 428, 434, 435 (1948).
As Moller and Horton point out in Connecticut Practice, Volume 1, page 248, our practice under Practice Book 85 is similar in substance to Federal Rule 20. That rule, like Section 52-102, was meant to permit joinder in a single lawsuit of all parties asserting rights to relief that arise out of the same transaction or occurrence and present common questions of law or fact. The primary purpose is to expedite final determination of disputes and thus prevent multiple lawsuits. Federal Practice and Procedure, Wright, Miller, Kane, Vol. 7, 1652, p. 371 et seq. CT Page 10413 Joinder of Goodyear's request for relief-defense costs — accomplishes none of these goals and should not have been permitted in the first place. Whether the Lagosz's won or lost their case, the claim by Goodyear for costs of defense would have to be litigated under the indemnification agreement and, as noted, resolution of this claim in the third party complaint depends on facts and circumstances having nothing to do with the claims made by the Lagosz suit. The mere fact that the claims are temporally related — the Lagosz suit had to be brought before the alleged right for Goodyear to be reimbursed for defense costs arises under the indemnification agreement — does not make the claims transactionally related for 52-102 purposes. Cf. Penn R. Co. v. Latavo Brothers Inc. et al., 9 F.R.D. 205 (1949). The purposes of the statute are trial convenience, avoiding a waste of judicial effort, prevention of multiple lawsuits — none of these goals would justify joinder of these claims. In fact, that is why we are here.
This court lacks subject matter jurisdiction; the request for joinder of the claim for costs of defense was improperly granted and cannot be permitted on a third party claim.
Halloran Sage for third-party plaintiffs.
Robinson Cole for third-party defendants.