[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (MOTIONS TO STRIKE, NOS. 150, 151)
Third-Party Defendant, Xavier Nino, has filed a Motion to Strike the 3rd, 4th, 5th and 6th paragraphs of Third-Party Plaintiff's, Manchester Memorial Hospital's, Prayer for Relief in the Third-Party Complaint (No. 150) and Third-Party Defendant, Xavier Nino, has filed a Motion to Strike paragraphs 2, 3 and 4 of the Prayer for Relief of the Third-Party Defendant's, BKM Floor Covering, Inc.'s, Amended Cross-Claim (No. 151).
On November 25, 1992, the plaintiff, Jodi M. Conway ("Conway"), filed a complaint against Manchester Memorial Hospital ("MMH") seeking recovery for injuries allegedly sustained in a slip and fall. On June 18, 1993, MMH filed a motion to implead BKM Floor Covering, Inc. ("BKM") on the ground that BKM is or may be liable to MMH for all or part of Conway's claims. This motion was granted by the court, Walsh, J., on July 12, 1993. On March 1, 1995,[1] MMH filed a third-party complaint against the third-party defendant, Xavier Nino ("Nino") seeking "1. an order that the third-party defendant defend and indemnify it in this action; 2. contribution; 3. apportionment of any damage award pursuant to all applicable statutes including but not limited to Connecticut General Statutes Section 52-572h; 4. money damages; 5. costs, expenses and attorney fees for defense of the action brought by the plaintiff; 6. costs, expenses and attorneys fees pursuant to the Motion to Implead and Third-Party Complaint; and 7. any other relief the court deems appropriate." On April 20, 1995, Conway filed an amended complaint directing Count One at MMH, Count Two at BKM, and Counts Three and Four at Nino. On July 13, 1995, BKM filed an amended cross-claim against Nino seeking " 1. an order that the third-party defendant Xavier Nino defend and indemnify it in this action; 2. apportionment of any damage award pursuant to all applicable statutes including but not limited to Connecticut General Statutes section 52-572h; 3. money damages; 4. costs, expenses, and attorney's fees for defense of the action brought by the CT Page 1365-D plaintiff."
On August 18, 1995, Nino filed a motion to strike paragraphs 3-6 of MMH's prayer for relief in its third-party complaint against Nino. On the same date, Nino filed a motion to strike paragraphs 2-4 of BKM's prayer for relief in its amended cross-claim against Nino. In accordance with Practice Book § 155, on the same date Nino filed memoranda of law in support of both motions to strike. On September ll, 1995, MMH filed an objection to Nino's motion to strike paragraphs 3-6
of its prayer for relief. On the same date, BKM filed an objection to Nino's motion to strike paragraphs 2-4 of its prayer for relief.
The purpose of a motion to strike "is to test the legal sufficiency of a pleading." RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 384, 650 A.2d 153 (1994). For example, the motion to strike "contest[s] the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). In addition, the motion to strike may test "the legal sufficiency of any prayer for relief in any such complaint, counterclaim or cross-complaint." Practice Book § 152. See also Carchidi v.Rodenhiser, 209 Conn. 526, 531, 551 A.2d 1249 (1989).
 A. Is General Statutes § 52-102 or General Statutes § 52-102a the proper vehicle to add a party for the purpose of apportioning liability for damages?
In Nino's motions to strike with respect to paragraph 3[2]
of MMH's prayer for relief and paragraph 2 of BKM's prayer for relief, both seeking "apportionment of any damage award pursuant to all applicable statutes including but not limited to Connecticut General Statutes section 52-572h,[3]" Nino argues that impleading a third-party defendant pursuant to General Statutes § 52-102a,[4] and its practice book counterpart, Practice Book § 117,[5] will not confer party status on the third-party defendant such that the third-party defendant's negligence will be considered in apportioning liability for damages. Instead, Nino argues that the proper vehicle to add a defendant for the purpose of apportioning liability for damages is General Statutes § 52-102.[6] As a result, Nino argues that MMH and BKM cannot seek apportionment in the third-party CT Page 1365-E actions against Nino.
In its objection to Nino's motion to strike, MMH argues that many trial courts permit the use of General Statutes § 52-102a to add a defendant for the purpose of apportioning liability for damages. MMH further argues that even those trial courts which prefer using General Statutes § 52-102 to add a defendant for the purpose of apportioning liability for damages, have denied motions to strike based on the liberal interpretation of practice book rules. In its objection to Nino's motion to strike, BKM simply argues that for the purpose of apportioning liability for damages, adding a defendant pursuant to General Statutes § 102a is proper under General Statutes § 52-572h(c).
"The trial courts in Connecticut are sharply split over the proper procedure for adding parties to an action for the purpose of apportioning liability [for damages]." Doe v. BayManagement Corporation, 8 CSCR 1250, 1250 (November 9, 1993, Teller, J.). Some trial courts have held that General Statutes § 52-102a, normally used to implead third-party defendants for the purpose of indemnification, may also be used to add a party for the purpose of apportionment. Id. See also Donner v. Kearse, 234 Conn. 660, 673, 662 A.2d 1269
(1995). For example, some courts have held that the original plaintiff should not be forced to amend the complaint to add a defendant because to do so could expose the plaintiff to an action for vexatious suit. E.g., Lombardi v. Johnstone,4 CSCR 386, 386 (April 17, 1989, Healy, J.). But see Howard v.Capellan, 2 Conn. L. Rptr. 68, 69 (July 12, 1990, Maloney, J.) (the court argues that the added defendant could not realistically bring an action against the plaintiff for vexatious suit if the court grants a defendant's motion to add a party over the plaintiff's objection.)
In contrast, other trial courts "have held that impleading a party pursuant to 52-102 is the proper method for a defendant to assure that he is held liable for no more than his proportionate share of the plaintiff's damages under 52-572h(c)."Bank of S. Windsor v. Harlow, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 0384674 (April 22, 1993, Aurigemma, J.). Nevertheless, these courts recognize that "[t]he rules of practice are designed to facilitate business and advance justice and are to be interpreted liberally in any case where it shall be CT Page 1365-F manifest that a strict adherence to them will work surprise or injustice. Practice Book 6." Id. Therefore, those courts that prefer General Statutes § 52-102 have held that "[t]he fact that the motion to implead . . . was brought pursuant to the wrong Practice Book section should not serve as a basis for a Motion to Strike." Id. Accordingly, these "courts have held that a third-party action pursuant to General Statutes § 52-102a is an appropriate method [sic] by which to obtain the presence of a party for the purposes of apportionment."Aponte v. Johnson, 7 CSCR 1196, 1196 (September 14, 1992, Rush, J.).
In the present case, MMH and BKM seek indemnification, contribution, and apportionment pursuant to General Statutes § 52-102a. With respect to the claim for apportionment, MMH and BKM should have used General Statutes § 52-102, rather than General Statutes § 52-102a. Nevertheless, because the rules of practice are to be interpreted liberally, the fact that MMH and BKM's motions to implead were brought pursuant to General Statutes § 52-102a should not serve as a basis for Nino's motions to strike. Accordingly, MMH and BKM's objections to Nino's motions to strike with respect to paragraph 3 of MMH's prayer for relief and paragraph 2 of BKM's prayer for relief are sustained. It therefore follows that Nino's motions to strike with respect to paragraph 3 of MMH's prayer for relief and paragraph 2 of BKM's prayer for relief are denied.
 B. May a party seeking recovery pursuant to General Statutes § 52-102a claim monetary damages?
In Nino's motion to strike with respect to paragraph 4 of MMH's prayer for relief and paragraph 3 of BKM's prayer for relief, both seeking monetary damages, Nino argues that in a third-party action, the movant may seek only indemnity or contribution based on the claims sought by the original plaintiff. In its objection to Nino's motion to strike, MMH improperly attempts to withdraw paragraph 4 of its prayer for relief.[7] Therefore, MMH fails to address this issue. BKM, in its objection to Nino's motion to strike, argues that because it has pleaded the necessary elements of an indemnification action, a claim for money damages is appropriate.
The principle of indemnification is based in equity.Kyrtatas v. Stop Shop Inc., 205 Conn. 694, 701,535 A.2d 357 (1988). CT Page 1365-G Specifically, "indemnity involves a claim for reimbursement in full from one on whom primary liability is claimed to rest." Id. Indemnity "`is not designed as a vehicle for the trying together of separate and distinct causes of action, or for the introduction, into the main action, of several parallel, but independent, actions, or separate and independent claims, or for changing the cause of action as asserted, or substituting another action for it, and is not a device for bringing into an action any controversy which may have some relation to it.'" Security CapitalManagement, Inc. v. DeMonico, 1 Conn. L. Rptr. 735, 736 (June 12, 1990, Lewis, J.). Therefore, General Statutes § 52-102a is remedial and attempts "`to save further litigation . . . to the ends that circuity of action may be avoided and that disputed jural relationships growing out of the same matter be resolved in one action.'" Id. As a result, "all claims which a third-party plaintiff has other than for the indemnity or contribution aspects must be dismissed." State of Connecticutv. Kement, 12 Conn. L. Trib. No. 7, 20, 21 (September 11, 1985, O'Neill, J.). In a third-party action, the movant may not seek damages in excess of those sought by the plaintiff in the original complaint. Id.
Against this background, MMH and BKM may not seek damages in excess of those sought in Conway's complaint. Therefore, MMH and BKM may not seek monetary damages in addition to apportionment of any damages awarded to Conway. As a result, MMH and BKM's objections to Nino's motions to strike with respect to paragraph 4 of MMH's prayer for relief and paragraph 3 of BKM's prayer for relief are overruled. It follows that Nino's motions to strike with respect to paragraph 4 of MMH's prayer for relief and paragraph 3 of BKM's prayer for relief are granted.
 C. May the movant in a third-party action seek attorney's fees?
In his motion to strike paragraphs 5 and 6 of MMH's prayer for relief and paragraph 4 of BKM's prayer for relief, Nino argues that because MMH and BKM have not alleged any contractual or statutory provision to the contrary, the general rule that attorney's fees are not awarded to the successful party, known as the "American rule," governs. In its objection to Nino's motion to strike, MMH attempts to withdraw paragraphs 5 and 6 of its prayer for relief.[8]
CT Page 1365-H Therefore, MMH fails to address the issue of attorney's fees. BKM, in its objection to Nino's motion to strike, argues that because its cross-claim is for complete indemnification, a claim for attorney's fees is appropriate.
Paragraph 5 of MMH's prayer for relief and paragraph 4 of BKM's prayer for relief seek "costs, expenses and attorney fees for defense of the action brought by the plaintiff." Paragraph 6 of MMH's prayer for relief seeks "costs, expenses and attorneys fees pursuant to the Motion to Implead and Third-Party Complaint[.]" In the following subsections, this court will first discuss the status of the law with regard to paragraph 5 of MMH's prayer for relief and paragraph 4 of BKM's prayer for relief. Subsequently, the court will discuss the status of the law with regard to paragraph 6 of MMH's prayer for relief. Finally, the court will present combined submissions with respect to paragraphs 5 and 6 of MMH's prayer for relief and paragraph 4 of BKM's prayer for relief.
 1. Attorney's fees incurred in the defense of the original complaint
The general rule regarding attorney's fees, known as the "American rule," is that "`absent contractual or statutory authorization, there can be no recovery, either as costs or damages, for the expenses of litigation or the expenditures for counsel fees by a party from his opponent.'" Gionfriddov. Rent A Car Systems, Inc., 192 Conn. 280, 297, 472 A.2d 306
(1984). However, this general rule, the "American rule," does not govern recovery of attorney's fees in indemnification actions.
"In a case of contractual indemnification, `[t]he general rule is that, in the absence of express contractual terms to the contrary, allowance of [attorney's] fees is limited to the defense of the claim which was indemnified and does not extend to services rendered in establishing the right to indemnification.'" (Emphasis added.) Coletta v. WestlandProperties, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 0271861 (October 8, 1992, Spear, J.). See also Gino's Pizza of East Hartford, Inc. v. Kaplan,193 Conn. 135, 140-41, 475 A.2d 305 (1984). In contrast, in the case of an action based on an implied obligation to indemnify,
there is no general rule regarding attorney's fees. As a result, the resolution of whether attorney's fees are CT Page 1365-I recoverable in such an action turns on whether a claim of attorney's fees is appropriate under General Statutes § 52-102a. Looking to Rule 14 of the Federal Rules of Civil Procedure for guidance,[9] "Rule 14 `is interpreted as permitting impleader of a party whose liability is contingent. Liability is contingent where the third party will be liable to the defendant only if the defendant is found liable to the plaintiff.'" (Internal quotation marks omitted.) Lagosz v.Whitaker, 9 CSCR 93, 94 (December 1, 1993, Corradino, J.). A "third party claim for defense costs is not contingent on a finding of liability on the part of the third party plaintiff." Id. Therefore, such a claim in an action based on an implied obligation to indemnify is improper. Id.
This conclusion is consistent with the purpose of indemnification, specifically, "reimbursement in full from one on whom primary liability is claimed to rest." Kyrtatas v.Stop Shop, Inc., supra, 205 Conn. 701. "It is clear the third party plaintiff's claim for damages including attorney's fees for failure to defend the suit represents [sic] a claim for damages in excess of those contemplated by the underlying suit." Lagosz v. Whitaker, supra, 9 CSCR 94
Therefore, a claim for attorney's fees incurred in the defense of the original action exceeds the reimbursement intended in an indemnification action.
 2. Attorney's fees incurred in the pursuit of indemnification
In the case of contractual indemnification, the general rule permitting recovery of attorney's fees "is limited to the defense of the claim which was indemnified and does not extend to services rendered in establishing the right to indemnification." Coletta v. Westland Properties, supra. Therefore, whether a party in a contractual indemnification action may recover attorney's fees incurred while seeking indemnification is governed by the "American rule." Marsh,Day Calhoun v. Solomon, 204 Conn. 639, 653, 529 A.2d 702
(1987). As mentioned earlier, this general rule of law provides that "attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception." Id., 652.
In an action based on an implied obligation to indemnify, the analysis is identical to that used in determining whether CT Page 1365-J a third-party plaintiff may recover attorney's fees in the defense of the original action. First, following the analysis utilized in Lagosz v. Whitaker, supra, 9 CSCR 94, a third-party claim for costs incurred in the pursuit of indemnification is not contingent on a finding that the third-party plaintiff is liable to the original plaintiff. In addition, a third-party plaintiff's claim for attorney's fees incurred in the pursuit of indemnification represents a claim for damages in excess of those sought in the original action. Id. Therefore, a third-party plaintiff in an action based on an implied obligation to indemnify cannot claim attorney's fees incurred in the pursuit of indemnification.
Nino's motions to strike with respect to paragraphs 5 and 6 of MMH's prayer for relief and paragraph 4 of BKM's prayer for relief, are based on the general rule regarding attorney's fees, the "American rule," without reference to either the rule applicable to a contractual indemnification action or the rule applicable to an action based on an implied obligation to indemnify. The determination of whether MMH and BKM may properly claim attorney's fees incurred in the defense of Conway's action and whether MMH may properly claim attorney's fees incurred in the pursuit of indemnification depends not on application of the "American rule," but rather, on an analysis of the type of indemnification action MMH and BKM are pursuing.
"`Each motion to strike raising any of the claims of legal insufficiency enumerated in [Practice Book § 152] shall separately set forth each claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency.' Practice Book § 154." Berdon v. ChicagoTitle Ins. Co., 5 Conn. L. Rptr. 426, 426 (January 13, 1992, Reilly, J.). Furthermore, "[i]n ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v. Policy Commission,182 Conn. 138, 140, 438 A.2d 27 (1980). Finally, "[i]n ruling on the motion to strike . . . [the court is] limited to the facts alleged" in the pleadings. Rowe v. Godou, 209 Conn. 273, 278,550 A.2d 1073 (1988).
Recovery of attorney's fees incurred in the defense of the original action and/or in the pursuit of indemnification turns on whether the third-party action is based on contractual indemnification or an implied obligation to CT Page 1365-K indemnify. In the present case, Nino has not alleged a standard based upon which the court can determine the appropriateness of MMH and BKM's claims for attorney's fees. Therefore, MMH and BKM's objections to Nino's motions to strike with respect to paragraphs 5 and 6 of MMH's prayer for relief and paragraph 4 of BKM's prayer for relief are sustained. It follows that Nino's motions to strike with respect to paragraphs 5 and 6 of MMH's prayer for relief and paragraph 4 of BKM's prayer for relief are denied.
Schimelman, J.